1  Aaron K. McClellan - 197185
   Nicholas C. Larson - 275870
2  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
3  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
4  Fax:    (415) 393-8087

5  Attorneys for
   SUNPODS, INC., MICHAEL GUMM,
6  DAN JAEGER, E-SOLAR EXCHANGE LTD.,
   SOLARSEAL TECHNOLOGIES, INC.,
7  AND SOLARPOWER RESTORATION
   SYSTEMS, INC.

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  SEMI-MATERIALS, CO. LTD, a Republic of       Case No.: 11-CV-06719-PSG
    Korea Corporation,
13                                               **DEFENDANTS' MEMORANDUM OF**
             Plaintiff,                          **POINTS AND AUTHORITIES IN**
14                                               **SUPPORT OF MOTION TO DISMISS**
    v.                                           **COMPLAINT PURSUANT TO FRCP**
15                                               **RULE 12(b)(6) FOR FAILURE TO STATE**
    SUNPODS, INC., E-SOLAR EXCHANGE LTD.,        **A CLAIM UPON WHICH RELIEF CAN BE**
16  SOLARSEAL TECHNOLOGIES, INC., and            **GRANTED; TO STRIKE PORTIONS OF**
    SOLARPOWER RESTORATION SYSTEMS,              **COMPLAINT PURSUANT TO FRCP**
17  INC.  California Corporations; MICHAEL GUMM  **RULE 12(f); AND FOR A MORE**
    and DAN JAEGER, individuals AND DOES 1-20,   **DEFINITE STATEMENT PURSUANT TO**
18                                               **FRCP RULE 12(e)**
             Defendants.
19                                               Date:    April 3, 2012
20                                               Time:    10:00 a.m.
                                                 Judge:   Hon. Paul S. Grewal
21

22

23

24

25

26

27

28

---

# I.    INTRODUCTION

Plaintiff SEMI-MATERIAL CO. LTD's ("Plaintiff") action against Defendants SUNPODS, INC., MICHAEL GUMM, DAN JAEGER, E-SOLAR EXCHANGE LTD., SOLARSEAL TECHNOLOGIES, INC., and SOLARPOWER RESTORATION SYSTEMS, INC. (collectively "Defendants") fails to state any viable causes of action resulting from Defendants' actions and should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

Plaintiff's vague complaint makes general and conclusory allegations against Defendants supported by few, if any, facts.  Moreover, closely read, Plaintiff's vague complaint fails to describe any actual damage caused by Defendants to Plaintiff.[1]  Plaintiff allegedly invested in SUNPODS and allege they own approximately 10% of the shares of SUNPODS.  As a minority shareholder, Plaintiff has not described or alleged any duty owed by Defendants to Plaintiff, as a minority shareholder, that has been breached in any manner, let alone led to damages to Plaintiff as a minority shareholder.  This is because, as Plaintiff admits in their vague complaint, SUNPODS is still an active company doing business to benefit all of its shareholders, including Plaintiff.  Plaintiff's vague causes of action imply that Defendants, in particular GUMM and JAEGER, caused SUNPODS to cease to exist and caused Plaintiff to lose their investment, however, one of the few facts that Plaintiff does include in the vague complaint readily admits that this is not the case and that Defendants are all still working to create profitable returns for shareholders of SUNPODS.  Ultimately, Plaintiff's vague complaint fails because it amounts to nothing more than an admitted minority shareholder attempting to dictate the day to day operations of a company, without actually alleging any viable causes of action.  Therefore, pursuant to FRCP Rule 12(b)(6), Plaintiff's entire complaint should be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, because Plaintiff's vague complaint comes nowhere near meeting the heightened pleading standard for fraud, Plaintiff's request for punitive and exemplary damages must be stricken pursuant to FRCP Rule 12(f).

Finally, in the alternative to dismissal of this action pursuant to FRCP Rule 12(b)(6),

---

[1] Notably, Plaintiff fails to attach any contract to their complaint, let alone describe the details of any specific agreement between Plaintiff and Defendants with any level of detail.

1   Defendants are entitled to a more definite statement of the claims being asserted against them pursuant

2   to FRCP Rule 12(e).

3                               **II.      FACTUAL ALLEGATIONS**

4           The complaint sets forth vague, ambiguous and woefully inadequate factual allegations in

5   support of Plaintiff's seven causes of action.   Plaintiff asserts the following legal claims against

6   Defendants: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Interference with Prospective

7   Business Advantage; (4) Interference with Contract; (5) Fraud; (6) Unfair Competition; and

8   (7) Dissolution of Corporation.  Despite Plaintiff's laundry list of claims, there are no little, if any facts

9   to support their causes of action.

10          The following facts are alleged:  MICHAEL GUMM and DAN JAEGER are the controlling

11  shareholders, and directors of SUNPODS.  (*See* Complaint at ¶¶ 5 and 18.)  Around March 15, 2010,

12  Plaintiff entered into a Series B Preferred Stock Purchase Agreement with SUNPODS.   (*See*

13  Complaint at ¶ 14.)   Plaintiff invested $999,998.67 in exchange for 546,971 shares of SUNPODS'

14  Series B Preferred Stock, or about 10% of the shares of SUNPODS.  (*See* Complaint at ¶¶ 15 and 68.)

15          Plaintiff alleges, without attaching a copy of the relevant "memorandum of understanding"

16  between Plaintiff and Defendants, that around the time of investment, GUMM and JAEGER failed to

17  disclose their various and conflicting business ventures and ownership in other companies involved in

18  the solar energy field.  (*See* Complaint at ¶ 17.)  However, in an apparent contradiction Plaintiff also

19  alleges that the corporate defendants are the alter ego of defendants GUMM and JAEGER.[2]   (*See*

20  Complaint at ¶ 13.)

21          Plaintiff also alleges, without attaching any relevant documentation, that GUMM and JAEGER

22  previously signed written agreements to defer their salaries and have not properly assigned all patents

23  to SUNPODS.  (*See* Complaint at ¶¶ 23-24.)  In addition, Plaintiff alleges that GUMM and JAEGER

24  used funds received from Plaintiff's investment to pay business expenses, including salaries and debts.

25  (*See* Complaint at ¶ 26.)

26  _____

27  [2] Although it is unclear from the vague complaint, Defendants assume that Plaintiff is referring to
    E-SOLAR EXCHANGE LTD., SOLARSEAL TECHNOLOGIES, INC., and SOLARPOWER

28  RESTORATION SYSTEMS, when Plaintiff refers to the "corporate defendants".

DEFENDANTS MOTION TO DISMISS; TO STRIKE PORTIONS OF          Case No.: 11-CV-06719-PSG
COMPLAINT; AND FOR A MORE DEFINITE STATEMENT

1    Finally, Plaintiff alleges that GUMM and JAEGER are involved in "self-dealing" and intend to

2    let SUNPODS die, through inaction or bankruptcy filing and to direct the company's patents to their

3    own benefit.  (*See* Complaint at ¶¶ 25 and 28.)  However, no part of Plaintiff's complaint alleges, at

4    anytime, how any of these alleged acts of Defendants caused any harm, whatsoever, to Plaintiff,

5    because as Plaintiff admits – SUNPODS is still a viable entity doing business for the benefit of its

6    shareholders.  (*See* Complaint at ¶¶ 4 and 25.)

7                                    **III.    LEGAL ARGUMENT**

8    **A.    PURSUANT TO FRCP RULE 12(b)(6), THE FAC SHOULD BE DISMISSED FOR
          FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

9

10        **1.    Applicable Legal Standards For A Rule 12(b)(6) Motion To Dismiss**

11        The standard to be applied to a motion to dismiss for failure to state a claim upon which relief

12   can be granted, pursuant to FRCP Rule 12(b)(6) is well-established:  A complaint may be dismissed if

13   it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would

14   entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gillespie v. Civiletti*, 629 F.2d 637,

15   640 (9th Cir. 1980).  Furthermore, dismissal is proper if the complaint lacks an allegation regarding a

16   required element necessary to obtain relief, and a Rule 12(b)(6) motion should also be granted if an

17   affirmative defense or other bar to relief is apparent from the face of the complaint.  *Balistreri v.*

18   *Pacifica Police Department*, 855 F.2d 1421, 1424 (9th Cir. 1988).

19        As observed in *Stinson v. Home Insurance Co.*, 690 F.Supp. 882, 886 (N.D. CA 1988):

20   "Although plaintiffs need to provide only a 'short and plain statement of the claim' [pursuant to FRCP

21   Rule 8] . . . Where the claims in a complaint are insufficiently supported by factual allegation, the

22   claims may be disposed of by summary dismissal."  *Dack v. Shanman*, 227 F.Supp. 26, 30 (S.D.N.Y.

23   1964) (Dismissing complaint where count was so sketchy as to be unintelligible.)

24        While all well-pled facts in the complaint are taken to be true in ruling on a motion to dismiss,

25   conclusory allegations are disregarded. *Balistreri, supra,* 855 F.2d at 1424; *McCarthy v. Mayo*, 827

26   F.2d 1310, 1316 (9th Cir. 1987).  A plaintiff cannot avoid this bar by clothing legal conclusions in the

27   guise of facts to take advantage of the liberality with which the court would otherwise view its

28   pleading.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  As recently stated by

- 3 -

the U.S. Supreme Court: "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); *accord Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) [Holding that the pleading standards of *Twombly* apply to <u>all</u> civil cases, not just antitrust cases]. Moreover, the Court is not limited to the allegations of the complaint in ruling on a motion to dismiss, but may also consider any documents attached to the complaint. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

Examining the allegations of the complaint in the instant action, it is readily apparent that it falls far short of the pleading requirements needed to survive a Rule 12(b)(6) motion to dismiss.

## 2. <u>Plaintiff's Breach of Contract Action Fails to State a Claim Upon Which Relief Can Be Granted</u>

As an initial matter, "[T]he essential elements to be pleaded in an action for breach of contract are: (1) the contract; (2) plaintiff's performance of the contract or excuse for nonperformance; (3) defendants' breach; and (4) the resulting damage to plaintiff. *Lortz v. Connell* (1969) 273 Cal.App.2d 286, 290. Moreover, a plaintiff cannot "unlock the doors of discovery" by alleging an element to a claim "based upon information and belief" and "without providing some specific facts that would assure the court that there is some plausible basis for liability." *Kemp v. International Business Machines Corp.,* 2010 WL 4698490, at *4 (N.D.Cal. Nov.8, 2010).

Here, Plaintiff does not articulate each of the essential elements of a breach of contract action against Defendants. First, Plaintiff does not attach any contract to its complaint, nor do they describe any agreements with Defendants that constitute a contract. Plaintiff is a minority shareholder and allegedly purchased stock from Defendants, however, no purchase agreement is attached or even referred to within the complaint. Instead, Plaintiff merely refers to its investment and a letter confirming its investment with SUNPODS. (*See* Complaint at ¶¶ 14-16). These facts alone do not constitute a contract nor sufficiently describe an agreement that survives the *Twombly* standard. Second, because Plaintiff does not refer to or provide a copy of any contract, it also fails to provide any details with regard to what obligations Plaintiff had under said contract and if Plaintiff performed those obligations. In fact, Plaintiff never even asserts that it has performed under the obligations of the alleged contract with Defendants. Third, Plaintiff fails to assert Defendants' breach of contract. No

- 4 -

contract is attached, described, or asserted within the complaint that includes duties that Defendants agreed to perform, let alone that they breached.  Instead, Plaintiff continues to assert legal conclusions, in place of facts to support the idea that some breach of duty took place.  (*See* Complaint at ¶¶ 25-28).  Finally, as discussed above, Plaintiff's allegation of "damages" is merely a legal conclusion, is wholly unsupported by any factual allegations of damages, and contradicts other allegations in the FAC.  Plaintiff admits that Defendants are still operating SUNPODS and does not assert any facts that describe wrongdoing that actually caused harm to Plaintiff.  Instead, Plaintiff repeatedly states that Defendants, particularly GUMM and JAEGER, are operating a business and covering their expenses.  (*See* Complaint at ¶ 26).  This is not behavior for which they should be liable, but behavior for which their investors should appreciate – because it keeps the company out of bankruptcy (ironically, the result that Plaintiff contradictorily alleges Defendants seek to obtain for their personal benefit).  (*See* Complaint at ¶ 25).

Without any damages or any other elements of a breach of contract properly pled, or at least pled beyond simple assertions of legal conclusions based on information and belief, Plaintiff's cause of action for breach of contract must fail.

### 3.   **Plaintiff's Breach of Fiduciary Duty Action Fails to State a Claim Upon Which Relief Can Be Granted**

Similar to Plaintiff's cause of action for breach of contract, Plaintiff's second cause of action for breach of fiduciary duty also fails because Plaintiff does not state a claim upon which relief can be granted.  As the Ninth Circuit has held, "A shareholder does not acquire standing to maintain a direct action when the alleged injury is inflicted on the corporation and the only injury to the shareholder is the indirect harm which consists of the diminution in the value of his or her shares."  *Lapidus v. Hecht*, 232 F.3d 679, 683 (9th Cir.2000).

This is not a derivative action.  Here, Plaintiff makes a direct claim against Defendants for breach of fiduciary duty, however, as discussed above Plaintiff fails to allege any duties owed directly to Plaintiff.  As a result, Plaintiff's only recourse would be a derivative action against Defendants for breach of fiduciary duty on behalf of SUNPODS.  However, Plaintiff does not bring a derivative action in the instant complaint.  The only potential harm that can possibly be ascertained from Plaintiff's

1   vague complaint is diminution in value to their shares; however, as held in *Lapidus*, this is insufficient

2   as a basis for a breach of fiduciary duty claim.

3          Plaintiff's second cause of action fails and must be dismissed.

4   **4.      Plaintiff's Claim for Interference With Prospective Business Advantage Fails to**
           **State a Claim Upon Which Relief Can Be Granted**

5

6          Plaintiff's third cause of action for interference with prospective business advantage does not

7   make any sense.  The elements for this tort are usually stated as follows:  "(1) an economic relationship

8   between the plaintiff and some third party, with the probability of future economic benefit to the

9   plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the

10  defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and

11  (5) economic harm to the plaintiff proximately caused by the acts of the defendant."  *Westside Center*

12  *Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 521–522.

13         Here, Plaintiff's complaint fails to allege the first element and therefore fails to state a claim

14  upon which relief can be granted.  Specifically, Plaintiff alleges that around the time of investment,

15  GUMM and JAEGER failed to disclose various and conflicting business ventures and ownership in

16  other companies involved in the solar energy field.  (*See* Complaint at ¶ 17.)  However, in an apparent

17  contradiction Plaintiff also alleges that the corporate defendants, E-SOLAR  EXCHANGE  LTD.,

18  SOLARSEAL TECHNOLOGIES, INC., and SOLARPOWER RESTORATION SYSTEMS, are the

19  alter ego of defendants GUMM and JAEGER.  (*See* Complaint at ¶ 13.)  In short, Plaintiff is alleging

20  that Defendants interfered with themselves.  This does not make any sense.  Nor does it meet the

21  required elements to plead this cause of action, because without a third party there can be no

22  interference, let alone intentional acts, by Defendants to interfere with the alleged relationship.

23         Plaintiff's cause of action for interference with prospective business advantage fails because

24  Plaintiff fails to allege all the elements, including the first one.

25  **5.      Plaintiff's Claim for Interference With Contract Fails to State a Claim Upon**
           **Which Relief Can Be Granted**

26

27         Plaintiff's fourth cause of action for interference with contract also fails for the reasons stated

28  above with regard to Plaintiff's third cause of action for interference with prospective business

advantage.    Plaintiff's complaint essentially alleges that Defendants interfered with themselves.  This does not make sense and Plaintiff's cause of action for interference with contract necessarily fails.

**6.    Plaintiff's Claim for Fraud Is Deficient and Subject to Dismissal Because It Is Improperly Pled**

While the substantive elements of fraud are determined by state law, those elements must be pleaded with particularity as required by FRCP 9(b).  *Moore v. Brewster* (9th Cir. 1996) 96 F.3d 1240, 1245–1246; *United States ex rel. Rost v. Pfizer, Inc.* (1st Cir. 2007) 507 F.3d 720, 731, fn. 8.  Stated differently, fraud must be pled "with a high degree of meticulousness."  *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1022-1023 (9th Cir. 2000).  Fraud averments failing to meet the Rule 9(b) standard are disregarded, and the remaining allegations evaluated to see if a valid claim has been stated.  *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1105 (9th Cir. 2003).

Thus, allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989); *Wool v. Tandem Computers Inc*., 818 F.2d 1433, 1439 (9th Cir. 1987). "'Generally, a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.' 'Evidentiary facts' as defined in Black's Law Dictionary are facts necessary for determination of ultimate facts. Rule 9(b) requires particularity as to the circumstances of the fraud this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1560 (9th Cir. 1994).

Finally, where several defendants are sued in connection with an alleged fraudulent scheme, plaintiffs must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal.4th 979, 990 (2004). "[T]o establish a cause of action for fraud a plaintiff must

- 7 -

plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Id.* at 157. "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal .App.3d 1324, 1332 (1986).

Here, Plaintiffs have utterly failed to allege any of the elements of fraud generally, let alone specifically, against Defendants. For instance, the First Amended Complaint fails to state any representation of material fact which Defendants allegedly made, that any such representation was false, and that Plaintiffs relied upon that representation. As such, Plaintiffs' fourth cause of action fails and the motion to dismiss should be sustained.

### 7.  Plaintiff's' Unfair Competition Claim Is Deficient and Subject to Dismissal Because It Is Improperly Pled

Plaintiff's' sixth cause of action for violation of California's Unfair Competition Law ("UCL") set forth in California Business & Professions Code section 17200 is grounded in Plaintiffs' allegations of fraud being perpetrated. Rule 9(b)'s particularity requirement applies to claims alleging a "unified course of fraudulent conduct," even if fraud is not the basis of plaintiff's claim. This includes claims under California consumer protection statutes, including the UCL. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-1126 (9th Cir. 2009). Likewise, the heightened pleading standards of Rule 9(b) apply to civil conspiracy claims sounding in fraud. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Therefore, the court should examine Plaintiffs' causes of action for violation of the UCL and conspiracy pursuant to the requirements of Rule 9(b).[3]

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200 (West 2011). Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007).

---

[3] Even if Plaintiffs are not required to meet the particularity requirement of Rule 9(b), for the reasons set forth Plaintiffs fail to set forth claims for violation of the UCL and conspiracy against Defendants.

For an action based upon an allegedly unlawful business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999). However, such allegations "must state with reasonable particularity the facts supporting the statutory elements" of the alleged violation. *Khoury v. Maly's of Calif., Inc*., 14 Cal.App.4th 612, 616 (1993). Here, Plaintiff fails to set forth with any particularity not only what acts the Defendants engaged in violated any law, but also how such act comes within the UCL. Therefore, the claim fails under the unlawful prong.

Plaintiff generically alleges a UCL claim accusing the Defendants of unfair business practices. "[A] practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech,* 20 Cal.4th at 180. A business act or practice is unfair when the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.*, at 187. To establish an unfair business act or practice, a plaintiff must establish the unfair nature of the conduct and that the harm caused by the conduct outweighs any benefits that the conduct may have. *McKell v. Washington Mutual, Inc*., 142 Cal.App.4th 1457, 1473 (2006). In other words, a viable claim for relief may exist if the following conditions are met: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Camacho v. Automobile Club of Southern California*, 142 Cal.App.4th 1394, 1403 (2006). Plaintiff's complaint, however, is devoid of any facts or allegations to establish that Defendants engaged in any act that would fall within the unfair conduct prong.

Finally, although not specifically pled, to the extent that Plaintiff's general allegations under the UCL encompass the totality of relief available under California Business & Professions Code section 17200, Plaintiffs also fail to properly allege a violation of the UCL's fraud prong. A fraudulent business act or practice is one in which members of the public are likely to be deceived. *Olson v. Breeze, Inc*., 48 Cal.App.4th 608, 618 (1996) ("Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public 'are likely to be

deceived.)  Thus, in order to state a cause of action based on a fraudulent business act or practice, the plaintiff must allege that consumers are likely to be deceived by the defendant's conduct.  *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 211 (1983).  Here, as with the other two prongs, Plaintiffs fail to state any act on the part of Defendants that would cause members of the public to likely be deceived.  Consequently, because Plaintiffs cannot establish a claim under any prong of the UCL, and Defendants' motion to dismiss should be granted.

### 8.   **Plaintiff's' Claim for Dissolution of Corporation Fails Because It Is Not a Cause of Action but a Request for Relief**

Plaintiff's last cause of action is for dissolution of corporation; however, this is not a cause of action but a request for relief.  Specifically, Plaintiff's cause of action seeks as the first item requested under the "Prayer for Relief" the "Dissolution of the corporation…"  (*See* Complaint at ¶ 1 of Prayer for Relief on p.11).

Because such relief cannot be granted without determining whether Plaintiff's other causes of action survive this motion to dismiss, the Court should dismiss Plaintiff's eighth cause of action.

### B.   **PLAINTIFF'S PRAYER FOR PUNITIVE AND EXEMPLARY DAMAGES IN THE FIFTH CAUSE OF ACTION SHOULD BE STRICKEN PURSUANT TO FRCP 12(f)**

Plaintiff is engaged in a classic example of overreaching.  The fifth cause of action, for fraud, does not meet the pleading requirements, must be dismissed, and therefore the entire complaint does not support a prayer for punitive or exemplary damages.  Plaintiff's entire basis for punitive and exemplary damages comes from the blatant legal conclusion in ¶ 59 of the complaint, "Plaintiff reasonably believes and thereon alleges that the acts and omissions of Gumm and Jaeger were done with malice, fraud and oppression. . ."  This conclusory statement comes nowhere near the specificity necessary to support its prayer for exemplary damages under Civil Code §3294.  This case involves a run-of-the-mill business arrangement between Defendants and Plaintiff, a minority investory, in which Plaintiff is impermissibly attempting to extort higher damages.  *Taylor v. Superior Court* (1979) 24 Cal. 3d 890.  Similarly, a breach of fiduciary duty alone, without oppression, fraud or malice, does not permit an award of punitive damages.  *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal. App. 4th 1269.

1   Here, Plaintiff asserts the legal conclusion of malice, fraud, and oppression without detailing,

2   whatsoever, any facts that support a finding of any damages against Defendants.  Plaintiff is so far

3   from alleging a coherent theory to support a finding of punitive or exemplary damages that inserting

4   them in this vague, baseless complaint is potentially sanctionable.  Without any support or factual

5   assertions that connect Defendants actions to damage suffered by Plaintiff, punitive and exemplary

6   damages must be stricken pursuant to FRCP Rule 12(f).

7   **C.   IN THE ALTERNATIVE, DEFENDANTS ARE ENTITLED TO A MORE DEFINITE
       STATEMENT OF THE CLAIMS BEING ASSERTED AGAINST THEM**

8

9   Rule 12(e) of the Federal Rules of Civil Procedure states in part:

10      If a pleading to which a responsive pleading is permitted is so vague or
        ambiguous that a party cannot reasonably be required to frame a
11      responsive pleading, the party may move for a more definite statement.

12   A motion for more definite statement will be granted where the complaint does not apprise the

13   defendant of the substance of the claim being asserted.  *FRA S.p.A v. Surg O Flex of America*, 415

14   F.Supp. 421, 427 (S.D.N.Y. 1976).  A Rule 12(e) motion is proper where the complaint is so indefinite

15   that the defendant cannot ascertain the nature of the claim being asserted and is therefore unable to

16   frame a proper response.  *Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F.Supp. 940, 949 (E.D. Cal.

17   1981).

18   The claims against Defendants in this action are so vague, unclear, uncertain and indefinite that

19   they are completely unable to adequately respond to it.  No specific allegations are provided as to what

20   each defendant knew or did that could possibly be the basis for any viable claims against them other

21   than continuing to operate SUNPODS and making business decisions with the budget of the company

22   provided by all investors, including Plaintiff.

23   Plaintiff does not attach to their Complaint, or make specific reference to, any exhibits, alleged

24   contracts, or agreements which might shed light on their shadowy accusations.  Consequently,

25   Defendants do not know what specific acts or omissions *that they might be responsible for* are the

26   subject of this action and without a more definite statement, Defendants will not know which

27   affirmative defenses, if any, are appropriate to raise.  Plaintiffs must therefore be required to provide a

28   more definite statement and, at the very least, should be required to <u>specify</u> what *each* defendant

1    supposedly did and when.  As the court held in *Frederick v. Koziol*, 772 F.Supp. 1019, 1021 (E.D. Va.

2    1990), it is only in situations where the complaint gives the defendant <u>fair notice of the claims</u> against

3    him, that a motion for more definite statement will be denied.

4                                    **IV.    CONCLUSION**

5           Based upon the foregoing, Defendants respectfully request that the Court grant their Motion to

6    Dismiss Plaintiff's Complaint and that the Court strike the requested portions of the Prayer for Relief

7    for punitive and exemplary damages. In the alternative, Defendants request that the Court require that

8    Plaintiff provide a more definite statement of the claims being asserted.

9           Respectfully submitted,

10   Dated: February 27, 2012

                                          MURPHY, PEARSON, BRADLEY & FEENEY

12                                        By  /s/ *Nicholas C. Larson*
                                               Nicholas C. Larson
13                                             Aaron K. McClellan
                                               Attorneys for SUNPODS, INC., MICHAEL GUMM,
14                                             DAN JAEGER, E-SOLAR EXCHANGE LTD.,
                                               SOLARSEAL TECHNOLOGIES, INC., AND
15                                             SOLARPOWER RESTORATION SYSTEMS, INC.

16   NCL.20367671.doc

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS MOTION TO DISMISS; TO STRIKE PORTIONS OF          Case No.: 11-CV-06719-PSG
COMPLAINT; AND FOR A MORE DEFINITE STATEMENT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................1

II.     FACTUAL ALLEGATIONS........................................................................................2

III.    LEGAL ARGUMENT .................................................................................................3

    A.      PURSUANT TO FRCP RULE 12(b)(6), THE FAC SHOULD BE DISMISSED
        FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE
        GRANTED.............................................................................................................3

        1.      Applicable Legal Standards For A Rule 12(b)(6) Motion To Dismiss ...............3

        2.      Plaintiff's Breach of Contract Action Fails to State a Claim Upon Which
            Relief Can Be Granted ................................................................................4

        3.      Plaintiff's Breach of Fiduciary Duty Action Fails to State a Claim Upon
            Which Relief Can Be Granted .....................................................................5

        4.      Plaintiff's Claim for Interference With Prospective Business Advantage
            Fails to State a Claim Upon Which Relief Can Be Granted ...........................6

        5.      Plaintiff's Claim for Interference With Contract Fails to State a Claim
            Upon Which Relief Can Be Granted...........................................................6

        6.      Plaintiff's Claim for Fraud Is Deficient and Subject to Dismissal Because
            It Is Improperly Pled ..................................................................................7

        7.      Plaintiff's' Unfair Competition Claim Is Deficient and Subject to
            Dismissal Because It Is Improperly Pled .....................................................8

        8.      Plaintiff's' Claim for Dissolution of Corporation Fails Because It Is Not
            a Cause of Action but a Request for Relief...................................................10

    B.      PLAINTIFF'S PRAYER FOR PUNITIVE AND EXEMPLARY DAMAGES
        IN THE FIFTH CAUSE OF ACTION SHOULD BE STRICKEN PURSUANT
        TO FRCP 12(f).....................................................................................................10

    C.      IN THE ALTERNATIVE, DEFENDANTS ARE ENTITLED TO A MORE
        DEFINITE STATEMENT OF THE CLAIMS BEING ASSERTED AGAINST
        THEM ..................................................................................................................11

IV.     CONCLUSION ............................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) ...................................................................................4

*Balistreri v. Pacifica Police Department*,
  855 F.2d 1421 (9th Cir. 1988).......................................................................3

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955 (2007)...........................................................4

*Berryman v. Merit Prop. Mgmt., Inc.,*
  152 Cal.App.4th 1544 (2007) ........................................................................8

*Borsellino v. Goldman Sachs Group, Inc.,*
  477 F.3d 502 (7th Cir. 2007)..........................................................................8

*Camacho v. Automobile Club of Southern California,*
  142 Cal.App.4th 1394 (2006) ........................................................................9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,*
  20 Cal.4th 163 (1999) ....................................................................................9

*Committee on Children's Television, Inc. v. General Foods Corp.,*
  35 Cal.3d 197 (1983) ...................................................................................10

*Conley v. Gibson,*
  355 U.S. 41 (1957).........................................................................................3

*Conrad v. Bank of America,*
  45 Cal.App.4th 133 (1996) ............................................................................8

*Dack v. Shanman,*
  227 F.Supp. 26 (S.D.N.Y. 1964)....................................................................3

*Desaigoudar v. Meyercord,*
  223 F.3d 1020 (9th Cir. 2000)........................................................................7

*Durning v. First Boston Corp.,*
  815 F.2d 1265 (9th Cir. 1987)........................................................................4

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
  525 F.Supp. 940 (E.D. Cal. 1981)................................................................11

*FRA S.p.A v. Surg O Flex of America,*
  415 F.Supp. 421 (S.D.N.Y. 1976)................................................................11

-ii-

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*Frederick v. Koziol,*
   772 F.Supp. 1019 (E.D. Va. 1990).............................................................12

5

*Gillespie v. Civiletti,*
   629 F.2d 637 (9th Cir. 1980)....................................................................3

6

7

*In re GlenFed, Inc. Securities Litigation,*
   42 F.3d 1541 (9th Cir. 1994)...................................................................7

8

9

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009)..................................................................8

10

*Kemp v. International Business Machines Corp.,*
   2010 WL 4698490, at *4 (N.D.Cal. Nov.8, 2010).............................................4

11

12

*Khoury v. Maly's of Calif., Inc.,*
   14 Cal.App.4th 612 (1993) .....................................................................9

13

14

*Lapidus v. Hecht,*
   232 F.3d 679 (9th Cir.2000).................................................................5, 6

15

*Lortz v. Connell*
   (1969) 273 Cal.App.2d 286....................................................................4

16

17

*McCarthy v. Mayo,*
   827 F.2d 1310 (9th Cir. 1987)..................................................................3

18

*McKell v. Washington Mutual, Inc.,*
   142 Cal.App.4th 1457 (2006)..................................................................9

19

20

*Moore v. Brewster*
   (9th Cir. 1996) 96 F.3d 1240..................................................................7

21

22

*Moore v. Kayport Package Express, Inc.,*
   885 F.2d 531 (9th Cir. 1989)...................................................................7

23

*Olson v. Breeze, Inc.,*
   48 Cal.App.4th 608 (1996) .....................................................................9

24

25

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
   34 Cal.4th 979 (2004) .........................................................................7

26

27

*Stinson v. Home Insurance Co.,*
   690 F.Supp. 882 (N.D. CA 1988) ...........................................................3

28

-iii-

DEFENDANTS MOTION TO DISMISS; TO STRIKE PORTIONS OF          Case No.: 11-CV-06719-PSG
COMPLAINT; AND FOR A MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
(continued)

**Page**

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007)..................................................................7

*Taylor v. Superior Court*
  (1979) 24 Cal. 3d 890 .........................................................................10

*Tomaselli v. Transamerica Ins. Co.*
  (1994) 25 Cal. App. 4th 1269 ..............................................................10

*United States ex rel. Rost v. Pfizer, Inc.*
  (1st Cir. 2007) 507 F.3d 720 .................................................................7

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)...............................................................7

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981)..................................................................3

*Westside Center Associates v. Safeway Stores 23, Inc.*
  (1996) 42 Cal.App.4th 507 ....................................................................6

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal .App.3d 1324 (1986).................................................................8

*Wool v. Tandem Computers Inc.*,
  818 F.2d 1433 (9th Cir. 1987)...............................................................7

**Statutes**

Business and Professions Code
  § 17200 ...............................................................................................8, 9

Civil Code
  § 3294 ...................................................................................................10

**Rules**

Federal Rules of Civil Procedure
  Rule 8 .....................................................................................................3
  Rule 9(b) .............................................................................................7, 8
  Rule 12(b)(6).................................................................................1, 3, 4
  Rule 12(e)...........................................................................................2, 11
  Rule 12(f) ...........................................................................................1, 11

-iv-