United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEMI-MATERIALS CO., LTD., a Republic of Korea Corporation,<br><br>                     Plaintiff,<br>     v.<br><br>SUNPODS, INC., E-SOLAR EXHANGE LTD., SOLARSEAL TECHNOLOGIES, INC., and SOLARPOWER RESTORATION SYSTEMS, INC., California Corporations; MICAHEL GUMM and DAN JAEGER, individuals; and DOES 1-20,<br><br>                     Defendants. | Case No.: 11-CV-06719-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER DENYING AS MOOT MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT |

Before the Court is Defendants'[1] motion to dismiss Plaintiff's Complaint. ECF No. 4. Also before the Court is Defendants' motion to strike portions of the Complaint, and Defendants' motion for a more definite statement. ECF No. 16. Pursuant to Civil Local Rule 7-1(b), the Court deemed Defendants' motions suitable for decision without oral argument. The hearing set for September 6, 2012, was vacated. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with leave to amend and DENIES as moot Defendants' motion to strike and Defendants' motion for a more definite statement.

---

[1] Defendants include SunPods, Inc. ("SunPods"), E-Solar Exchange Ltd. ("E-Solar"), Solarseal Technologies, Inc. ("Solarseal"), Solarpower Restoration Systems ("Solarpower"), Michael Gumm ("Gumm"), and Dan Jaeger ("Jaeger") (collectively "Defendants").

1

Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

## I. BACKGROUND

On or about March 15, 2010, Plaintiff Semi-Materials Co., Ltd., a Republic of Korea corporation, purchased 564,971 shares of Series B Preferred stock, or about ten percent of the total shares, in Defendant SunPods for $999,998.67. Compl. ¶¶ 14, 15, 68, ECF No. 1. The substance of Plaintiff's complaint concerns mismanagement of Defendant Sunpods.

Defendant SunPods is a California corporation. Compl. ¶¶ 4. Defendants Gumm and Jaeger are the controlling shareholders, officers, and sole directors of Defendant SunPods. Compl. ¶¶ 5, 36, 70. Defendant Gumm is also the controlling shareholder of Defendant E-Solar, a California corporation; Defendant Solarseal, a suspended California corporation; and Defendant Solarpower, a suspended California corporation. Compl. ¶¶ 6-9. Plaintiff alleges that the "corporation defendants"[2] are undercapitalized and operate without the requisite corporate formalities, Compl. ¶ 13, and that these defendants are the alter ego of Defendants Gumm and Jaeger. Thus, Plaintiff alleges that Defendants Gumm and Jaeger should be personally responsible for any liability incurred by Defendants SunPods, E-Solar, Solarseal, and Solarpower. *Id.*

Plaintiff alleges a number of acts of mismanagement. First, Plaintiff alleges that Defendant SunPods never delivered its share certificates, never had the required number of directors, and did not hold shareholders' meetings. Compl. ¶¶ 16, 18, 19.

Plaintiff further alleges that Defendants Gumm and Jaeger had a range of conflicts of interest, and that they failed to disclose these conflicts or obtain independent ratification of corporate decisions in which they had a personal interest. Compl. ¶¶ 17, 20. Plaintiff alleges that Defendants Gumm and Jaeger improperly used Plaintiff's investment to repay themselves back salary and loans they had made to the company, Compl. ¶ 26, and that they used company funds to pay for their own attorneys. Compl. ¶ 27. Plaintiff also alleges that Defendants Gumm and Jaeger failed to dedicate their time and energy exclusively to SunPods and instead have engaged in the management or operation of competitive businesses. Compl. ¶ 38.

---

[2] Plaintiff's Complaint does not specify which Defendants Plaintiff intends to identify by this term. *See* Compl. ¶ 13. The Court will assume that "corporate defendants" refers to all four of the Defendants who are, in fact, corporations: Defendants SunPods, E-Solar, Solarseal, and Solarpower.

2
Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

1   In addition to these general allegations, Plaintiff alleges that Defendants Gumm and Jaeger held a board meeting on December 10, 2011, at which they discussed the possibility of selling most of Defendant SunPods' assets, seeking new bridge funding, and filing for bankruptcy under Chapter 7.  Compl. ¶ 21.  Also at this meeting, Defendants Gumm and Jaeger allegedly stated that in lieu of back pay and before filing for bankruptcy, "'the SunPods patents and other trade secrets [would] be reassigned to the corporation founder and investors and majority shareholder for the unpaid compensation allowed by law.'"  Compl. ¶ 22.  Plaintiff alleges that these activities are intended to direct Defendant SunPods' assets to Defendants Gumm and Jaeger personally, and to avoid shareholders' liquidation preferences.  Compl. ¶¶ 25, 55.

Finally, Plaintiff alleges that Defendants Gumm and Jaeger breached or anticipatorily repudiated written contracts, presumably with Defendant SunPods, deferring their salaries until the company had greater cash flow and setting out terms of confidentiality and assignment of inventions.  Compl. ¶¶ 32, 23.

Plaintiff filed suit in the United States District Court for the Northern District of California on December 30, 2011, alleging causes of action for: (1) breach of contract against Defendants SunPods, Gumm, and Jaeger; (2) breach of fiduciary duties against Defendants Gumm and Jaeger; (3) interference with prospective business advantage against all Defendants; (4) interference with contract against all Defendants; (5) fraud against Defendants Gumm and Jaeger; (6) unfair competition against all Defendants; and (7) dissolution of the corporation against Defendants SunPods, Gumm, and Jaeger.  *See* Compl.  Defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) ("Mot.") on February 27, 2012.  *See* ECF No. 4.  Plaintiff's Response to Defendants' Motion to Dismiss was filed on March 12, 2012.  ("Response"), ECF No. 9.  After the case was reassigned to the undersigned judge on March 19, 2012, Defendants refiled their motion to dismiss on March 20, 2012, and Plaintiff refiled its opposition on April 3, 2012.  ECF Nos. 14, 15, 19.  Defendants filed their reply on April 10, 2012.  ECF No. 21.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

3
Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not provide detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A complaint alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004)). To survive a motion to dismiss, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id*. (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotations omitted).

**III. ANALYSIS**

        **A.  Suspended Corporations**

Plaintiff notes in its Response to Defendants' Motion to Dismiss, ECF No. 19, that Defendants Solarpower and Solarseal are suspended corporations. Plaintiff has requested that the Court take Judicial Notice of two "Business Entity Detail" reports from the California Secretary of State, one identifying Solarseal's suspended status, and the other, Solarpower's suspended status. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The "Business Entity Detail" reports are public

4
Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

records filed with the Secretary of State. "A trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir. 1999), and, thus, fall within the purview of Federal Rule of Evidence 201. Accordingly, the Court takes Judicial Notice of these documents.[3]

Plaintiff has further asked that the Court strike Defendants Solarpower and Solarseal from participation in Defendants' Motion to Dismiss. California law provides for the suspension of "the corporate powers, rights, and privileges" of a corporation that does not pay its taxes. Cal. Rev. & Tax Code § 23301. Suspended California corporations may not "prosecute or defend an action, appeal from an adverse judgment, seek a writ of mandate, or renew a judgment obtained prior to suspension." *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (citations omitted). Even a demurrer filed while a corporation is suspended is "an unauthorized act by a suspended corporation in violation of Revenue and Taxation Code section 23301." *Id.* Accordingly, Defendants Solarpower and Solarseal lack capacity to file a Motion to Dismiss. Plaintiff's request to strike Defendants Solarpower and Solarseal from participation in the joint Motion to Dismiss is GRANTED. The remainder of this Order applies only to Defendants SunPods, E-Solar, Gumm, and Jaeger.

### B. Breach of Contract

To state a claim for breach of contract under California law, Plaintiff must plead facts establishing the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (2008). Under California law, "a contract requires parties capable of consent, the consent of those parties, a lawful object, and sufficient consideration." *ASP Props. Grp. v. Fard, Inc.*, 133 Cal.

---

[3] Defendants have introduced evidence that Defendants Solarpower and Solarseal have actually filed for dissolution but are not yet dissolved. Though dissolution has no bearing on their ability to be sued or to defend a lawsuit, *see Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180, 1193-94 (1991), suspended California corporations cannot be dissolved; rather, they remain suspended until they are revived, and can then either resume operation or be dissolved. *See* 18 C.C.R. § 23334. Accordingly, Solarpower and Solarseal remain suspended corporations, and must be treated as such.

5
Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

App. 4th 1257, 1268-69 (2005) (citing Cal. Civ. Code § 1550).  In addition, for a contract "'to be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages.'"  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006) (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).

Plaintiff alleges that Defendants SunPods, Gumm, and Jaeger breached written contracts by failing to disclose conflicts of interest and by failing to disclose that they were operating Defendant SunPods with an inadequate number of directors, and that Defendants Gumm and Jaeger breached agreements providing for confidentiality, assignment of inventions, and deferral of salaries.  However, the mere allegation that some conduct violated written contracts, without more, does not state a claim for breach of contract.  The only particular agreement mentioned in Plaintiff's complaint is that "Gumm and Jaeger previously signed written agreements deferring their salaries 'until the company has grown sales and cash flow to be able to repay.'"  Compl. ¶ 23.  Plaintiff does not specify with whom this written agreement was made, nor what obligations each party incurred.  Even assuming that this allegation sufficiently pleads the existence of a contract concerning deferred salaries, nowhere has Plaintiff pleaded the existence of any contract concerning conflicts of interest or number of directors, confidentiality, or assignment of inventions.  Nor has Plaintiff alleged its own performance under any alleged contract(s).  Finally, Plaintiff has entirely failed to plead if and how it was damaged by any breach.

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's breach of contract claim is GRANTED.

### C.  Breach of Fiduciary Duty

By statute, directors of a California corporation owe a fiduciary duty to the corporation and its shareholders and must act "in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders."  Cal. Corp. Code § 309(a).  A shareholder's action is derivative, rather than individual, when "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders."  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *Jones v.*

*H.F. Ahmanson & Co.,* 1 Cal. 3d 93, 106 (1969)). Where directors' acts are alleged to cause business failure or devaluation of stock, the complaint is that the directors violated fiduciary duties to the corporation, and it is for the corporation to bring a claim. *Pareto*, 139 F.3d at 699; *Nelson v. Anderson*, 72 Cal. App. 4th 111, 125-26 (1999).

Here, Plaintiff has not specified the exact nature of its alleged injury, but appears to be asserting a loss in value of its Sunpods shares. *See* Compl. ¶¶ 37, 38, 39. Accordingly, any claim arising from the alleged misconduct would have to be asserted as a derivative action. The Complaint states only Plaintiff Semi-Materials' individual shareholder claim, not a claim on behalf of SunPods, and thus does not state a viable claim.

In addition to being directors, however, Defendants Gumm and Jaeger are also majority shareholders, and thus may owe a duty to minority shareholders. Where majority shareholders breach a fiduciary duty to minority shareholders with the result that the majority benefits disproportionately, a minority shareholder may bring an individual action if the shareholder can allege an injury distinct from the injury to the corporation. *Pareto*, 139 F.3d at 699-700; *see also Nelson*, 72 Cal. App. 4th at 127 ("Whether there is one minority shareholder or many, an action is individual only if the stock of the individual plaintiff or plaintiffs is the only stock affected adversely.").

Plaintiff alleges that Defendants Gumm and Jaeger had conflicts of interest, maintained their personal interests in intellectual property, failed to devote sufficient time to managing Defendant SunPods, and operated competing businesses. But Plaintiff fails to identify any unique harm suffered by Plaintiff or other minority shareholders, as distinct from harm suffered by the corporation. Plaintiff has thus not stated a claim for breach of fiduciary duty owed by majority shareholders to minority shareholders.[4]

For the foregoing reasons, Plaintiff has failed to state a claim for breach of fiduciary duty, and Defendants' motion to dismiss Plaintiff's second claim is GRANTED.

---

[4] In Plaintiff's Response to Defendants' Motion to Dismiss, ECF No. 19, Plaintiff suggests that California Corporations Code § 1800 authorizes Plaintiff's individual claim for breach of fiduciary duty. However, in the Complaint, Plaintiff asserts this as a separate cause of action. Accordingly, it is addressed separately below.

7
Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

**D. Interference with Prospective Business Advantage**

The tort of interference with prospective business advantage includes five elements: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Pardi v. Kaiser Found. Hospitals*, 389 F.3d 840, 852 (9th Cir. 2004) (citing *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1153 (2003)). The plaintiff must assert an existing relationship whose disruption is threatened. "[P]otential relationships—which are at most a hope for an economic relationship and a desire for a future benefit"—are not sufficient. *Bio-Medical Research Ltd. v. Thane Int'l, Inc.*, 249 Fed. Appx. 539, 542 (9th Cir. 2007) (citing *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 527 (1996)).

Nowhere in the Complaint does Plaintiff identify the economic relationship between itself and some third party with which it alleges interference. Plaintiff does suggest that Defendant SunPods had certain business opportunities, but SunPods is not the Plaintiff in this action. To state a claim on which relief can be granted, Plaintiff would need to identify its own economic relationship with a third party. Further, Plaintiff has not pleaded any facts whatsoever establishing the third, fourth, and fifth elements of interference with prospective business advantage. The only element Plaintiff addresses is the second element, where Plaintiff pleads only that "Defendants are aware of Sunpod's opportunities" in several regards. Compl. ¶ 43. But even here, the Complaint makes no allegations about Plaintiff's own existing relationships.

Because Plaintiff has failed to allege any facts establishing the five elements of the claim, Defendants' motion to dismiss Plaintiff's cause of action for interference with prospective business advantage is GRANTED.

**E. Interference With Contract**

The elements which a plaintiff must prove to establish a claim for intentional interference with contractual relations are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach

8

Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1127 (1990).

Plaintiff asserts this cause of action against all Defendants, but identifies the relevant contract as the contract to purchase shares of SunPods stock and an "Investor Rights Agreement." Compl. ¶ 48. However, Plaintiff cannot bring a claim against Defendant SunPods for interference with a contract to which Defendant SunPods is the other party, because there is no third party to interfere with this contract. Defendants cannot interfere with themselves. Thus, no claim has been stated as to Defendant SunPods.

As to Defendants Gumm, Jaeger, E-Solar, Solarseal, and Solarpower, to the extent that Plaintiff intends to allege interference with contracts between Plaintiff and SunPods, Plaintiff has failed to allege the three remaining elements of the cause of action. Specifically, Plaintiff has not identified any of Defendants' intentional acts designed to induce a breach, actual disruption of the contractual relationship, or damages. Therefore, Defendants' motion to dismiss Plaintiff's cause of action for interference with contract is GRANTED.

### F. Fraud

To state a cause of action for fraud, a plaintiff must allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 974 (1997). This cause of action must meet Rule 9(b)'s heightened pleading requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). Moreover, a fraud claim based on nondisclosure "(as any other fraud claim) must be pleaded with particularity under Rule 9(b)." *Kearns,* 567 F.3d at 1127. Where the underlying facts are within the opposing party's knowledge,

9
Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

the plaintiff may state a claim based on information and belief only if the "allegations are accompanied by a statement of facts on which the belief is founded." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *accord Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

Plaintiff asserts a claim of fraud against Defendants Gumm and Jaeger, alleging they concealed material information in (1) voting as SunPods directors on matters in which they had conflicts of interest, (2) operating competing businesses, and (3) planning an improper bankruptcy filing in which company assets would be diverted to Defendants Gumm and Jaeger personally. Compl. ¶¶ 54, 55. However, the Complaint merely states in conclusory fashion that Defendants Gumm and Jaeger "concealed material information they were required to disclose." Compl. ¶ 53. It does not allege any specific facts that Defendants had a duty to disclose. Nor does it allege that Defendants Gumm and Jaeger knew of the allegedly concealed facts or that in concealing them, they intended to defraud Plaintiff. Further, as regards the bankruptcy filing, Plaintiff has pleaded based on information and belief, but has not indicated any facts on which the beliefs are founded. Pleading based on information and belief is insufficient in a complaint. *See Shroyer v. New Cingular Wireless*, 622 F.3d at 1042 ("Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded.").

Plaintiff does assert that Plaintiff "reasonably relied on Gumm and Jaeger's false, misleading and incomplete statements," and that Plaintiff's reliance on these statements damaged "the company's future prospects as well as the Plaintiff's value in the company." Compl. ¶ 57. Yet there is no allegation of any facts tending to show that Plaintiff did, in fact, rely on any of Defendants Gumm and Jaeger's statements or omissions, that any such reliance was reasonable, or that reliance on these misrepresentations damaged Plaintiff (as opposed to damaging Defendant SunPods). The facts alleged here are insufficient to state a claim under the heightened Rule 9(b) standard, or even under the more permissive Rule 8 standard. Therefore, Defendants' motion to dismiss Plaintiff's cause of action for fraud is GRANTED.

10

Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

### G. Unfair Competition

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1554 (2007). Plaintiff has not specified which prong(s) of the UCL Plaintiff believes Defendants violated. The Court will thus examine all three prongs.

#### 1. Unlawful

In proscribing unlawful business practices, the UCL considers violations of other laws as unlawful practices that are independently actionable under the UCL. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Because Plaintiff's other causes of action are dismissed for failure to state a claim, and Plaintiff has failed to specify any other law violated by Defendants' conduct, Plaintiff has not stated a claim under the unlawful conduct prong of the UCL. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (finding a failure to state a claim under the unlawful prong of the UCL where Plaintiff's allegations fail to state a claim under any other laws identified by Plaintiff).

#### 2. Unfair

A business practice or act is unfair for UCL purposes when three requirements are met: (1) a substantial injury to the consumer, (2) that is not outweighed by countervailing benefits to consumers or competition, and (3) that consumers themselves could not reasonably have avoided. *Camacho v. Auto. Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006). Plaintiff alleges that Defendants' conduct benefits Defendants at the expense of Plaintiff and diverts business opportunities to the Defendants (though from whom and to which Defendants, Plaintiff does not say). Plaintiff asserts in conclusory fashion these actions "represent unfair competition." Compl. ¶ 64. But Plaintiff has not alleged any specific facts giving rise to these alleged violations, nor has Plaintiff alleged any specific injury resulting from Defendants' conduct. Accordingly, Plaintiff has not stated a claim under the unfair prong of the UCL.

### 3. Fraudulent

For a UCL claim based on allegedly fraudulent business practices, the Plaintiff must allege conduct that is "likely to deceive" and plead both the existence of a duty to disclose and reliance. *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009); *Berryman*, 152 Cal. App. 4th at 1556-57. Insofar as a plaintiff's UCL claim is grounded in allegations of fraud, whether or not the word "fraud" is used, such allegations must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Kearns,* 567 F.3d at 1124-25.

Here, Plaintiff's fraud claim under the UCL fails for the same reasons the independent claim of fraud fails. As discussed above, Plaintiff has failed to plead with particularity the circumstances of any misrepresentations or omissions, as well as intent to defraud, reliance and subsequent harm. Thus, Plaintiff has not stated a claim under the fraud prong.

Finally, Plaintiff seeks exemplary and punitive damages with respect to its UCL claim. However, the Court notes that damages are not available as a remedy under the UCL; recovery is limited to injunctive relief and restitution. *See* Cal. Bus. & Prof. Code §17203; *Cel-Tech Commc'ns*, 20 Cal. 4th at 179.

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claim for unfair competition is GRANTED.

### H. Dissolution of Corporation

Section 1800 of the California Corporations Code allows certain shareholders to bring an action for involuntary dissolution on one of six enumerated grounds, including, as relevant here, that "[t]hose in control of the corporation have been guilty of or have knowingly countenanced persistent and pervasive fraud, mismanagement or abuse of authority or persistent unfairness toward any shareholders or its property is being misapplied or wasted by its directors or officers." Cal. Corp. Code § 1800(b)(4). In order to bring such a claim, however, one of two criteria must be met: a plaintiff shareholder must own at least one third of the company, or the corporation must be a close corporation. *Id.* at § 1800(a)(2). Plaintiff has not pleaded either of these prerequisites, and thus has not stated a claim for relief under this statute. Accordingly, Defendants' motion to dismiss the claim for involuntary dissolution is GRANTED.

Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

### I. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Similarly, leave to amend may be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g.,* 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff's claims for breach of contract, breach of fiduciary duties, interference with prospective business advantage, interference with contract, fraud, unfair competition, and dissolution of the corporation all fail based on deficiencies in pleading, not deficiencies of legal theory. Further, amendment would not cause undue prejudice or undue delay. Accordingly, the Court GRANTS leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with leave to amend and DENIES as moot Defendants' motion to strike and motion for a more definite statement. Plaintiff shall file an amended complaint, if any, within 21 days of this Order. Plaintiff may not add new claims or parties absent a stipulation of the parties or a Court Order pursuant to Fed. R. Civ. P. 15(a)(2). If Plaintiff fails to timely file an amended complaint or fails to cure the deficiencies identified in this Order, Plaintiff's claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 10, 2012

*Lucy H. Koh*

13

Case No.: 11-CV-06719-LHK
ORDER GRANTING MOTION TO DISMISS

1

        LUCY H. KOH  
        United States District Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

Case No.: 11-CV-06719-LHK  
ORDER GRANTING MOTION TO DISMISS